JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
MEGHANN A. TRIPLETT (SBN 268005)
*Meghann@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Sandra K. McBeth, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BLAINE FROST AND MARGARET ALICE FROST,<br><br>Debtors. | Case No.: 9:21-bk-10295-MB<br><br>Chapter 7<br><br>Adv. No.:<br><br>**COMPLAINT FOR:** |
| SANDRA K. MCBETH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>BLAINE FROST, an individual; and NATALIE FROST, an individual.<br><br>Defendants. | **(1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A);**<br>**(2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)];**<br>**(3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550];**<br>**(4) AN ACCOUNTING [11 U.S.C. § 105]; and**<br>**(5) TURNOVER [11 U.S.C. § 542; Cal. Civ. Code § 1950.5(h)]** |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Sandra K. McBeth, ("Plaintiff" or "Trustee") in her capacity as the chapter 7 trustee for bankruptcy estate (the "Estate") of Robert Blaine Frost and Margaret Alice Frost (the "Debtors"), respectfully alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b), and 1334(a) and (b) in that this proceeding arises in and relates to the Debtors' bankruptcy proceeding pending in the Central District of California, Northern Division, as *In re Frost*, Case No. 9:21-bk-10295-MB (the "Bankruptcy Case"). This proceeding also "arises under" title 11 as it involves a cause of action created or determined by a statutory provision of title 11. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). Plaintiff consents to entry of final orders and judgments by the Bankruptcy Court in this matter.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

**PARTIES**

4. Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee for Debtors' Estate. Plaintiff has standing to bring this action under 11 U.S.C. § 323.

5. Plaintiff is informed and believes that defendant Blaine Frost ("Blaine") is an individual and is subject to the jurisdiction of this court.

6. Plaintiff is informed that defendant Natalie Frost ("Natalie," together with Blaine, the "Defendants"), is an individual and is subject to the jurisdiction of this court.

7. Plaintiff is informed and believes that the Defendants are the Debtors' son and daughter-in-law and are therefore insiders of the Debtors as that term is defined in 11 U.S.C. § 101(31)(A)(i).

**GENERAL ALLEGATIONS**

8. The Debtors filed a voluntary petition for relief under Chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §101 et seq.) on March 26, 2021 (the "Petition Date"), initiating the Bankruptcy Case.

9. On or about April 20, 1999, the Debtors purchased the real property located at 53660 Road 432 Bass Lake, California 93604, APN: 070-062-003-000 (the "Property"),

vesting title by way of a Grant Deed as "Margaret A. Frost, and Robert B. Frost, wife and husband as community property," subject to a $150,000 mortgage with Yosemite Bank recorded in the Madera County Recorder's Office as Instrument No. 9911703.

10. Plaintiff is informed and believes that the Property was used by the Debtors as a rental property and vacation residence.

11. Plaintiff is informed and believes that, on or about August 3, 2006, the Debtors refinanced the secured debt on the Property by obtaining a $558,900 loan with Countrywide Home Loans, Inc. (the "Countrywide Loan"), secured by a first deed of trust against the Property recorded in the Madera County Recorder's Office as Instrument No. 2006033899 (the "Deed of Trust").

12. Plaintiff is informed and believes that the Countrywide Loan was assigned to Bank of America, N.A. ("BofA") on or about August 2, 2011 (the "Assignment").

13. Plaintiff is informed and believes that at the time of the Assignment of the Countrywide Loan to BofA (referred to hereinafter as the "Mortgage"), the Debtors were in arrears $105,689 on the Mortgage, resulting in BofA concurrently recording of a notice of default, followed by a notice sale indicating the Property would be sold pursuant to the Deed of Trust on November 4, 2011, with a minimum bid of $658,445 (the "Nov. 2011 Auction").

14. Plaintiff is informed and believes that the Nov. 2011 Auction was postponed and thereafter, a second notice of sale was recorded, indicating the Property would be sold pursuant to the Deed of Trust on October 1, 2012, with a minimum bid of $696,052 (the "Oct. 2012 Auction"). However, the Oct. 2012 Auction did not take place and a Notice of Rescission was subsequently recorded on March 15, 2013.

15. On April 2, 2013, the Debtors transferred the Property to their revocable family trust for no consideration, by way of Inter-Family Trust Deed, as "Robert B. Frost, Margaret A. Frost, the Frost Family 2013 Revocable Trust" (the "Frost Trust") recorded in the Madera County Recorder's Office as Instrument No. 2013008974.

16. Plaintiff is informed and believes that the Debtors created the Frost Trust as Trustors and are also the Co-Trustees.

17. Plaintiff is informed and believes that the Debtors are the only beneficiaries of the Frost Trust during their lifetimes.

18. Plaintiff is informed and believes that the Frost Trust is governed by California law.

19. Plaintiff is informed and believes that the Debtors retained full control over and benefit of the Property in the same manner as if the Frost Trust did not exist.

20. Plaintiff is informed and believes that at all times relevant herein, the Debtors held the power to revoke the Frost Trust in whole or in part, and the property of the Frost Trust was subject to the claims of creditors.

21. Under California law, "[i]f the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor." Cal. Prob. Code § 18200; *see e.g. Gagan v. Gouyd*, 73 Cal. App. 4th 835, 842 (1999) (disapproved on other grounds in *Mejia v. Reed* (2003) 31 Cal.App.4th 657, 669 (explaining a transfer of property to a revocable trust cannot constitute a fraudulent transfer because the transaction does not result in disposing of or parting with an asset or an interest in an asset, and noting that creditors may reach property held in revocable trust).

22. Plaintiff is informed and believes that the Debtors' interest in the Frost Trust is property of the Bankruptcy Estate.

23. Plaintiff is informed and believes that, on or about May 30, 2018, the Mortgage, was transferred to a new lender, California Coastal Rural Development Corporation, and was thereafter serviced by Specialized Loan Servicing (hereinafter referred to as the "SLS Mortgage").

24. Plaintiff is informed and believes that in or about September 2018, the Debtors applied for a small business loan with Bank of the Sierra (the "Business Loan") and listed the Property as a personal asset with a value of $800,000.

25. Plaintiff is informed and believes that as of May 1, 2020, there was Outstanding Principal of $357,222.91, and deferred principal of $58,470.73 owed on the SLS Mortgage and secured by the Property.

26. On June 10, 2020, the Debtors, in their capacity as trustees of the Frost Trust executed a Grant Deed transferring title of the Property to the Defendants (the "2020 Grant Deed") recorded in the Madera County Recorder's Office as Instrument No. 2020013004 (the "Transfer").

27. Plaintiff is informed and believes that in consideration for the Property, the Defendants promised to assume and to pay the outstanding balance owed on the SLS Mortgage.

28. Plaintiff is informed and believes that at the time of the Transfer, the outstanding balance on the SLS Mortgage did not exceed $417,000.

29. Plaintiff is informed and believes that the Debtors did not receive any cash remuneration from the Defendants for the Property.

30. Plaintiff is informed and believes that at the time of the Transfer, the Property had a fair market value of approximately $580,000 to $645,000.

31. Plaintiff is informed and believes that the Debtors' equity interest in the Property at the time of the Transfer was at least $163,000 to $228,000 (the "Equity Interest").

32. Plaintiff is informed and believes that as a result of the Transfer, the Debtors received no consideration in exchange for their Equity Interest in the Property.

33. Plaintiff is informed and believes that as a result of the Transfer, Defendants fraudulently obtained value and equity in the Property that could have been used to pay the Debtors' creditors.

34. Plaintiff is informed and believes that at the time of the Transfer, the Debtors were in financial distress, had unamalgamable indebtedness, and were not able to make the SLS Mortgage payments as they became due.

35. Plaintiff is informed and believes that at the time of the Transfer, the Debtors were threatened with litigation.

36. Plaintiff is informed and believes that the Property constituted all or substantially all of the Debtors' non-exempt assets.

37. Plaintiff is informed and believes that the Property had valuable equity for the benefit of the Debtors' creditors as the date of the Transfer.

38. Plaintiff is informed and believes that since the Transfer, the Defendants have collected valuable rents from the Property.

39. The Transfer occurred within the two (2) years before the Petition Date.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Actual Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(A))**

40. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

41. The Transfer was made with actual intent to hinder, delay, or defraud persons or entities to which the Debtors were or became indebted, on or after the date the Transfer was made.

42. The Defendants did not take possession of the Property in good faith and took possession of the Property with knowledge of the voidability of the Transfer.

43. Plaintiff is informed and believes that the Transfer is an intentional fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1)(A).

## SECOND CLAIM FOR RELIEF

**(Avoidance of Constructive Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))**

44. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

45. Plaintiff is informed and believes that the Transfer was a transfer of an interest in property of the Debtors to the Defendants within the two (2) years prior to the Petition Date.

/ / /

46. The Debtors received less than a reasonably equivalent value in exchange for the Transfer.

47. The Debtors:

a. Were insolvent on the date of the Transfer or became insolvent as a result of the Transfer;

b. Were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors following the Transfer was an unreasonably small capital; or

c. Intended to incur, or believed that they would incur, debts that would be beyond the Debtors' ability to pay them as they became due.

48. Plaintiff is informed and believes that the Transfer is a constructively fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1)(B).

### THIRD CLAIM FOR RELIEF

**(Recovery of Avoided Transfer - 11 U.S.C. § 550)**

49. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

50. Plaintiff is entitled to not only avoid the Transfer, but also to recover the Property or its value thereof under Section 550(a)(1) for the benefit of the Estate.

51. The Defendants did not take the Property for value, did not take the Property in good faith, and took the Property with knowledge of the voidability of the Transfer Plaintiff is therefore entitled to avoid the Transfer and to recover the Property or its value thereof under Section 550(a)(2) for the benefit of the Estate.

52. Accordingly, Plaintiff is entitled to set aside and recover from Defendants the Property or its value under Section 550(a).

### FOURTH CLAIM FOR RELIEF

**(Accounting - 11 U.S.C. § 105)**

53. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

54. Defendants have received income and other benefits from the Property. Given that the Defendants have obtained and retained possession of the Property through the fraud, and other wrongful conduct as alleged above, equity dictates that the Defendants are not entitled to profit or otherwise benefit from their wrongful conduct. As the rightful owner of the Property, the Estate is entitled to be paid any net rental and other income the Defendants have received as a result of their wrongful possession of the Property. However, the amount of rental and other income that the Defendants have received is unknown to Plaintiff and cannot be ascertained without an accounting. An accounting by the Defendants is therefore required to ascertain the net rental and other income received by the Defendants in connection with the Property, and the disposition of those profits.

## FIFTH CLAIM FOR RELIEF

**(Turnover - 11 U.S.C. § 542 and Cal. Civ. Code § 1950.5(h))**

55. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

56. The Property, its books and records, rent rolls, and their security and rent deposits are property of the Estate that the Trustee may use, sell or lease under Section 363, and relate to the Debtors' financial affairs. Furthermore, as the successor landlord of the Property, the Trustee is entitled to any security and rent deposits pursuant to Cal. Civ. Code § 1950.5(h).

57. Plaintiff is entitled to turnover of the Property, its books and records, its rent rolls, and their security and rent deposits pursuant to Section 542(a) and (e), and Cal. Civ, Code § 1950.5(h).

**WHEREFORE**, Plaintiff prays for relief as follows:

a. On the first cause of action, for judgment against Defendants avoiding the Transfer as an intentionally fraudulent transfer under § 548(a)(1)(A);

b. On the second cause of action, for judgment against Defendants avoiding the Transfer as a constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B);

  c. On the third cause of action, for judgment against Defendants recovering the Transfer, or the value of said Transfer for the benefit of the Estate under 11 U.S.C. § 550(a)(1) together with interest thereon at the legal rate from the date of the Transfer;

  d. On the fourth cause of action, for an accounting of the rental and any other income and financial benefit that the Defendants have received in connection with the Property, and for an order directing the Defendants to turn over to Plaintiff any net income and other financial benefit that the Defendants have received;

  e. On the fifth cause of action, for turnover of the Property, its books and records, its rent rolls, and their security and rent deposits;

  f. On all causes of action, for costs of suit and interest at the legal rate on all damages and sums awarded to Plaintiff, for the benefit of the Estate; and

  g. For such other and further relief as the court may deem proper.

DATED: March 8, 2022      **MARGULIES FAITH, LLP**

              By: */s/ Meghann A. Triplett*
                Meghann A. Triplett
                Attorneys for Plaintiff,
                Sandra K. McBeth, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF ACTUAL FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(A); (2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFER [11 U.S.C. § 548(a)(1)(B)]; (3) RECOVERY OF AVOIDED TRANSFER [11 U.S.C.§ 550]; (4) AN ACCOUNTING [11 U.S.C. § 105]; and(5) TURNOVER [11 U.S.C. § 542; Cal. Civ. Code § 1950.5(h)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 8, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **March 8, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**: Honorable Martin R. Barash, U.S. Bankruptcy Court, 21041 Burbank Blvd., Ste. 342, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 8, 2022 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION:**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

**ATTORNEY FOR CREDITOR: Lori L Enrico**     lori@giannettaenrico.com, melanie@giannettaenrico.com
**ATTORNEY FOR TRUSTEE: Jeremy Faith**     Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**ATTORNEY FOR CREDITOR: Ralph P Guenther**     rguenther@montereylaw.com
**ATTORNEY FOR CREDITOR: Sheryl K Ith**     sith@cookseylaw.com, sith@ecf.courtdrive.com
**TRUSTEE: Sandra McBeth (TR)**     jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
**ATTORNEY FOR DEBTORS: Brian Nomi**     briannomi@yahoo.com
**ATTORNEY FOR CREDITOR: Tom Roddy Normandin**     tnormandin@pnbd.com, srichards@pnbd.com;cathyjones@pnbd.com
**ATTORNEY FOR INTERESTED PARTY: Christopher E Seymour**     cseymour@gmlegal.net, jmiller@gmlegal.net
**ATTORNEY FOR TRUSTEE: Meghann A Triplett**     Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**United States Trustee (ND)**     ustpregion16.nd.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**